**RECEIVED**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAR 13 2008
MAR 13 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

ARNOLD JOYNER

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV1513
JUDGE CONLON
MAGISTRATE JUDGE BROWN

vs.

ROGER WALKER

TERRY McCANN

DEE BUTTAGALIA

DONALD HULICK

JASON GARNETT

BRIAN FAIRCHILD

Case No:_____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

✓        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         **U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
         **28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.    Name: _ARNOLD JOYNER_

B.    List all aliases: _NONE_

C.    Prisoner identification number: _N31385_

D.    Place of present confinement: _STATEVILLE C.C._

E.    Address: _P.O. Box 112 Joliet, IL 60434_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: _ROGER WALKER_

      Title: _DIRECTOR_

      Place of Employment: _Springfield, IL. I.D.O.C._

B.    Defendant: _TERRY McCANN_

      Title: _WARDEN_

      Place of Employment: _Stateville C.C._

C.    Defendant: _DEE BUTTAGAIZA_

      Title: _FORMER WARDEN_

      Place of Employment: _Stateville C.C._

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

ADDITIONAL DEFENDANTS

D. DEFENDANT        DONALD HULICK

   TITLE            WARDEN

   Pl. OF Empl.     MENARD C.C


E. DEFENDANT        JASON GARNETT

   TITLE            ASSITANCE DIRECTOR

   Pl. OF Empl.     SPRINGFIELD, Il. IDOC


F. DEFENDANT        BRIAN FAIRCHILD

   TITLE            ADMSS. REVIEW BOARD

                    OFFICE OF INMATES ISSUES

   Pl. OF Empl.     SPRINGFIELD, Il. IDOC

**III.**   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: _____ NONE _____

B.   Approximate date of filing lawsuit: _____ NONE _____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ NONE _____

D.   List all defendants: _____ NONE _____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ NONE _____

F.   Name of judge to whom case was assigned: _____ NONE _____

G.   Basic claim made: _____ NONE _____

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ NONE _____

I.   Approximate date of disposition: _____ NONE _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

In Jan. + Feb. 06, I was charged and tried for att. escape + escape. The Cook County D.O.C. suspended all my priveleges, made me a indetermine seg status inmate the remainder of my county stay, and the court sentence me to a total of 12 yrs. In March 06 the new director that was the former director of asst./associate to the Il. Dept. of Corr. Director Roger Walker, told me I would pay for the escape in more ways than one.

On May 23rd 2006, I was sentence to the I.D.O.C., 2 hrs later I was taken to Stateville C.C. N.R.C. where Tac so security staff escorted me from the sheriffs car to the N.R.C. seg unit. There I was stripped + searched and cussed at + threaten about the escape case. I was given a green jumpsuit + green I.D. which made me a level E special offender. I hadn't broken any rules, yet warden Buttagalia approved this action + on May 25th 2006 I was sent to Menard C.C. While at Menard I tried to get

4

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SOME ANSWERS. My Counselor N. Schwarz told me I basicly had nothing coming because I was level E, And that level E was out of his hands. He told me to write to special offender Lt. Cavin + I diel but he never responded. I wrote to warden Hulick and his two assistant wardens explaining my situation they never responded. On July 7, 2006 I filed a grie-vance regarding Menard C.C. staff conduct toward me and discrimination for not allowing me to take part in the I.D.O.C. rehabilitation program. On 8-11-06 N. Schwarz answered stating level E was ineligible for jobs (work/school). On 8-21-06 grievance officer Tyone Murray receive said grievance but didn't address grievance for 10 months before denying it because I was no longer at Menard C.C.. level E require yearly transfers + in May 07 my year was up. However 6 months after not hearing on the 7-8-06 issue, I filed Another grievance on 2-22-07 for

4 - A

Staff Conduct a Constitutional Rights Violations of
Illinois - Art. 1 - Sect. 2, 10, 11, 17 + 20. This time N.
Schwarz gave a different responses and I sent it
to grievance officer. In June 07 I receive both
grievance back and I appealed to Springfield I.D.O.C.
Admin. Review Board where Brian Fairchild of
Inmates Issues denied the 7-8-06 Issues and never
Address the 2-22-07 Issues After he sent to me to
provide him verification the grievance officer in
Menard Also refused the Issue - I did.
In April 07 I spoke with Dir. Jason Garnett in
Menard's East Cell house regarding level E, prefer-
- ential treatment by staff + Excessive punishment,
he brush me off, saying my escape charge gives them
justification to keep me level E. Now that I'm back
in Stateville C.C. I suffer the same circumstances,
no assignment (work/school) no drug treatment,
contact visits or rehabilitation. I've written
Dir. Roger Walker, Warden T. McCann, A/W Wright,
Special Offender Lt. Elberson - none has responded.
(See Attached Exhibits)

5

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I want to be Removed from the Special offenders level E program Immedstately, I want the staff to pay me $500,000 dollars and split my court cost between them, I want the court to transfer me to the Fed. system so the State Staff doesn't retaliate on me. I want all my rights + privileges restored back.

**VI.    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO**

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __29__ day of __Feb.__, 20 __08__

_Arnold Joyner_
(Signature of plaintiff or plaintiffs)

_Arnold Joyner_
(Print name)

_N31385_
(I.D. Number)    P.O. Box 112

Joliet, IL.

60434

(Address)

6

| Illinois<br>Department of<br>**Corrections** | ***ADMINISTRATIVE DIRECTIVES*** | Number | 05.05.110 |
| | | Page | 1 of 6 |
| | | Effective | 8/15/2000 |

| Section | 05 | Operations |
| Subsection | 05 | Classification |
| Subject | 110 | **Escape Risk Designations** |

I. **POLICY**

    A. **Authority**

        730 ILCS 5/3-2-2

    B. **Policy Statement**

        Each person committed to the Adult or Juvenile Division shall be assigned an escape risk level. Inmates or youth who have a history of escapes or runaways, attempted escapes or runaways, or escape-related behavior may warrant increased security measures. Such inmates or youth shall be identified and supervised according to the assigned escape risk level.

II. **PROCEDURE**



    A. **Purpose**

        The purpose of this directive is to establish guidelines for assigning an escape risk level to an inmate or youth.

    B. **Applicability**

        This directive is applicable to all facilities within the Adult and Juvenile Divisions of the Bureau of Operations.

    C. **Internal Audits**

        An internal audit of this directive shall be conducted at least annually.



    D. **Designees**

        Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

    E. **General Provisions**

        1.   Nothing in the provisions herein shall be construed to limit the authority of the Director to house or transfer an inmate or youth in any institution, facility, or program.

EXHIBIT

A-1

| ADMINISTRATIVE DIRECTIVE | Effective 8/15/2000 | Page 2 of 6 | Number 06.05.110 |
|---|---|---|---|

2. Time frames established herein shall represent the minimum length of time an inmate or youth shall remain in the escape risk level designated or in a higher escape risk level or a combination thereof.

3. Escape risk levels required herein shall represent the minimum level in which an inmate or youth shall be placed.

**Requirements**

1. During the classification process at a Reception and Classification Center, an inmate or youth shall be assigned one of the following escape risk levels in accordance with the guidelines established in this directive (See Paragraph II.G.).

   a. Level E - extremely high escape risk.

   b. Level H - high escape risk.

   c. Level M - moderate escape risk.

   d. Level L - low or no apparent escape risk.

2. Upon transfer to a facility and during each inmate's annual reclassification or during each quarterly reclassification of a youth, the inmate's or youth's escape risk designation shall be reviewed to determine if it is still appropriate.

   a. If the review is for reclassification, the Security Reclassification/Escape Risk Report shall be completed in its entirety.

   b. If the review is only to determine the escape risk level, only the escape risk level section of the Security Reclassification/Escape Risk Report shall be completed.

   c. All escape risk levels shall be reviewed by the Chief Administrative Officer and documented in the Chief Administrative Officer's action section of the Security Reclassification/Escape Risk Report.

3. An inmate's or youth's assigned escape risk level may be changed at any time it is determined that he or she no longer represents the assigned level.

   a. An inmate who escapes from a Level One through Level Seven adult facility shall be designated a Level E escape risk and shall remain in Level E status for a minimum of five years.

   b. An inmate who escapes from a Level Eight adult facility shall be designated a minimum of Level H escape risk and shall remain in a minimum of Level H status for at least 9 months.

A-2

| ADMINISTRATIVE DIRECTIVE | Effective 8/15/2000 | Page 3 of 6 | Number 05.05.110 |
|---|---|---|---|



    c.    Adult parole absconders shall be designated no less than a Level M escape risk and shall remain in a minimum of Level M status for at least one year.

    d.    Prior approval of the Deputy Commander of Operations shall be required to:

        (1)    Remove any inmate or youth from a Level E escape risk status; or

        (2)    Reduce an escape risk level by more than one level at a time.

4.    Escape risk information shall be entered into the Offender Tracking System (OTS) for adults and into the Juvenile Tracking System (JTS) for juveniles using the "escape risk-flag" data element.

5.    A card with the phrase "ESCAPE RISK" and the letter designation "E", "H", or "M" stamped in red bold letters shall be stapled on the face sheet of the master file of each inmate or youth designated as a Level E, Level H, or a Level M escape risk.

6.    Once an escape risk level is determined, whether at the Reception and Classification Center or at the receiving facility, the inmate or youth shall be issued a color-coded identification card to denote the escape risk level assigned. If necessary, a new identification card shall be issued at the time of transfer or following review of escape risk level. Identification cards shall be issued in accordance with Administrative Directive 01.07.806.

7.    Inmates and youth shall be identified and monitored and inmate or youth assignments shall be made based on escape risk designations in accordance with Administrative Directive 05.03.105.



G.    **Guidelines**



1.    The intent of the escape risk determination is to be able to readily identify those inmates or youth whose past history and behavior coupled with knowledge and observation of their current behavior place them at an extremely high, high, or a moderate escape risk level.

2.    Items listed below as well as the requirements in Paragraph II.F.3. shall be considered in assigning an escape risk level. For an inmate or youth to be assigned a specific level, one or more of these conditions shall be present. The presence of a condition, however, does not require the assignment of that level. The presence of a condition shall effectively contribute to the determination of an escape risk level. Staff shall be selective in labeling an inmate or youth as an extremely high, high, or a moderate escape risk.

    a.    Level E (Extremely High) - an inmate or youth who poses an extremely serious escape risk due to:

A-3

*Illinois Department of Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective 8/15/2000 | Page 4 of 6 | Number 05.05.110 |
|---|---|---|---|



(1)  A history of: escape from a Level One through Level Seven adult facility within the past five years; escape or runaway or attempted escape or runaway from any closed confinement with or without any actual or threat of violence or an escape or runaway or attempted escape or runaway while under security escort (for example, court writ, medical or funeral furlough, transfer, etc.) within the past five years;

(2)  An indicated desire or willingness to escape or runaway by: self-admission; preparing for, discussing, or documenting preparations for an escape or runaway; or possession of escape paraphernalia;



(3)  Behavior;

(4)  An outstanding immigration warrant or warrant(s) for major criminal charges;

(5)  Remaining time to serve and type of sentence (for example, life, natural life, death, multiple consecutive sentences, etc.); or



(6)  Other appropriate considerations.



**NOTE:** An extremely high escape risk shall normally be housed only at Level One or Level Two adult security facilities or Level One juvenile security facilities. Assignments shall be within the inner perimeter area and work and program assignments shall be during daylight hours. Adult work assignments shall be restricted to the hours of 8:00 a.m. to 2:00 p.m. The inmate's or youth's daily activities shall be closely monitored in accordance with Administrative Directive 05.03.105.

b.  **Level H (High)** - an inmate or youth who poses a serious escape risk due to:

(1)  A history of: escape from a Level One through Level Seven adult facility; escape from a Level Eight adult facility within the last nine months; escape or runaway or attempted escape or runaway from a closed confinement with or without any actual or threat of violence; or an escape or runaway or attempted escape or runaway while under security escort (for example, court writ, medical or funeral furlough, transfer, etc.) within the past five years;

(2)  An indicated desire or willingness to escape or runaway by self-admission or by preparing for or discussing preparations for an escape or runaway;

(3)  An outstanding immigration warrant or warrant(s) for major criminal charges;

A-4

*Illinois Department of Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective 8/15/2000 | Page 6 of 6 | Number 05.05.110 |
|---|---|---|---|

NOTE: A Level L inmate or youth may be housed at any Department facility regardless of the facility's security level.

Authorized by:

*Donald N. Snyder Jr.*
Donald N. Snyder Jr.
Director

Supersedes:
05.05.110          AD          7/1/2000

A-5

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7-8-2006 | Committed Person: (Please Print) Arnold Joyner | ID#: N 31585 |
|---|---|---|

Present Facility: Menard C.C.    Facility where grievance/issue occurred: Menard C.C.    104-800

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
|---|---|---|---|
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☒ Other (specify): Discrimination |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | |

☐ Disciplinary Report: ____ / ____ / ____
                        Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I am a inmate of Menard C.C. and I am under a status considered Level E inmate state law require all inmates of the state of Illinois within the Dept of Corr. be rehibilatated with same kind of skill or skills whereas one can go back out to society and become a productive citizen. Under the Menard C.C. present system this is impossible to do 1st They refuse to give me an assignment or allow me to attend school my counselor stated to me its because I am Level E. 2nd, I am in A grade

Relief Requested: I want to be rehibilatated under state law. I need a job or school or move me to another facility which offers a rehibilatation system

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Arnold Joyner                    N31585          7-8-2006
Committed Person's Signature          ID#               Date

(Continue on reverse side if necessary)

---

**Counselor's Response (If applicable)**

Date Received: 8 / 11 / 06    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Level E inmates are not eligible for a job in the EFHs. Just because of his ex-high ERD, he is not denied for education but it would prohibit a move to the school galleries. Inmate was last reviewed for his ERD status on 5/26/06 & will be reviewed at least on an annual basis.

N. Schwartz                     N. Schwartz               8 / 14 / 06
Print Counselor's Name              Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                              ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____          ____ / ____ / ____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Committed Person                    Page 1                    DOC 0046 (Eff. 10/2001)
                                                                                (Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued)    DOC 0046, Page 2

but are being punished when I haven't broken any rules of A.R. 504. 3rdly. There are inmates in the Seth Cell house that's not in seg but have all the benifits the institution gives out such as jobs, school, extra yard & gym. If state law requires all inmates to be rehabilitated then Menard C.C. must comply as every other facility within the state. For instance in Medium C.C. & minimum C.C. all inmates have jobs or they attend some form of schooling. I am an inmate just as they are. I understand this is a maximum security facility, however, all other maximum security facilities within the U.S.A. has jobs & schooling for inmates according to the law and Menard C.C. is no different under the law. Even federal maximum facilities has jobs or schooling for the inmates within them. Lastly, if Menard C.C. isn't required to rehabilitate their inmates then I want to see and read their protocol so I can understand and be familiar with its agenda whereas I will not violate any said rules or regulations. The Menard C.C. handbook I was given strictly stated its purpose was to rehabilitate.

A. Joyner

N13.385

c.c.

ILLINOIS DEPARTMENT OF CORRECTIONS

**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: _August 21, 2006_ _____ Date of Review: _June 1, 2007_ _____ Grievance # (optional): _104-8-06_

Offender: **_Arnold Joyner_** _____ ID#: **_N31385_**

Nature of Grievance: _Staff Conduct_

Facts Reviewed:  _Inmate is grieving that he is a level E inmate and Menard refuses to allow him to attend school. Inmate is requesting to be rehabilitated under state law. He wants a job or school or moved to another facility._

_OTS indicates inmate was transferred to Stateville Correctional Center on 5/21/07._

Recommendation:  _Grievance has no Merit. Inmate is no longer at Menard and has been transferred._

_____
**_Tyone Murray_**
Print Grievance Officer's Name
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

_____
Grievance Officer's Signature

| Chief Administrative Officer's Response |
|---|

Date Received: _June 1, 2007_ _____  ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

_____
Chief Administrative Officer's Signature

6/1/07
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
Offender's Signature

_____
ID#

_____
Date

Exhibit
B
3

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

E513

| Date: 2-22-2007 | Offender: (Please Print) Arnold Joynsr | ID#: N-31385 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify) Violation of Constitutional Rights

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I am grieving the Administration treatment within Menard C.C. They are violating my constitutional rights As Expressed by the Ill. Constitution. @ Article I. Bill of Rights section §11 Limitation of Penalties After Conviction - All penalties shall be determined both According to the Seriousness of the offense and with the objective of Restoring the offender to useful Citizen-ship. Menard is a maximum security facility. All its inmates are Escorted by Security personnel only. There is never free movement throughout the facility in which a inmate is not Escorted. I have been Deem what's called Level E inmate which carries a high

**Relief Requested:** I want a Job in the institutions industry, or anywhere else I can prove my worthiness. I want to be Deemed Lower Level E Status, and placed in a facility that obeys the laws that they're said to obey a nurture.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Arnold Joynsr _____ N-31385 _____ 2 / 22 / 2007
Offender's Signature      ID#      Date

*(Continue on reverse side if necessary)*

---

### Counselor's Response (if applicable)

Date Received: 2 / 26 / 07    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Inmates current aggression level is 9-moderate, enabling him to cell in the ECH. The only jobs available in the ECH are janitor workers, of which inmates must be low or moderate escape risk. Inmate will be reviewed at least on an annual basis for his escape risk designation.

N. Schwartz _____ N. Schwartz _____ 2 / 28 / 07
Print Counselor's Name      Counselor's Signature      Date of Response

---

### EMERGENCY REVIEW

Date Received: _____ / _____ / _____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____
Chief Administrative Officer's Signature      Date

Distribution: Master File, Offender      Page 1      DOC 0046 (Rev. 3/2005)

Security Classification, I as well as any other inmate within this facility are NEVER without security personel, be that I am in the Cell house or not, However, I am being punished extra for being a Level E inmate. The facility REFUSES to give me a job, any School or Vocational training which violates Art. I - Sect. II, The Menard Hand book, Statement of Purpose - Pg ⓒ States ALL OFFENDERS Shall be afforded the opportunity to explore and participate in programs designed to assist them towards a successful reintegration in society and reduce the negative effects of incarceration. The level E directive also states level E inmates can be assigned details, yet the Administration has only kept me as 23-1 hour lockdown each day but yard long. I have NEVER broken any rules at Menard in which disiplinary action was given to lose any of the privledges offered the inmate population which leads to my 2nd issue Art. I - Sect. 17 Discrimination in Employment, due to being a level E inmate. All persons Shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in hiring all personinational practices of any Employer. Menard employs inmates with less schooling and vocational training as part of their reintegration back to society for useful citizenship and I being a model productive inmate should be afforded these same rights other inmates that giving back and NEVER giving back to society are afforded, which leads to my 3rd issue Art. I - Sect. 20 Individual Dignity - To promote individual dignity, communications that portray criminal depravity or lack of value in or that incite violence, hatred, abuse or hostility toward a person or group of persons by reason of or by reference to religious, racial ethnic, national or regional affiliation are condemned. from the treatment of this Administration it make me feel my quality worthy ness is as important or significant as the other inmates which are given the opportunities to prove themselves worthy. I feel deprived which keeps my virtue at question, I am trying to conform to their standards of morality & Excellence but I'm not afforded the chances. This Administration has deem me within the affiliation of level E inmates which leaves me condemned by their own standards, I have written to the Warden concerning a job or schooling my counslor has refused these same request. How am I to be rehabilitated if I am left to rot within the cell 23 hours a day. Everything I'm asking for falls within the security enactment of this prisons daily program. All I want is equal treatment under the law. No other inmate at Menard is better then me, and this Administration shouldn't be allowed to give out preferential treatment especially since its not apart of their rules & regulations, For instance, most skilled jobs are held by the white inmates, but majority of the population is black inmates and that's the same as far as security aggressive levels assigned here at Menard C.C.

Because security is high, within this facility, A. Jaques

**Illinois**
Department of
**Corrections**

Rod R. Blagoje'
Governor

**ROGER E. WALKE**
Director

rrectional Center / P.O. Box 711 / Menard, IL 62259-9998 / Telephone: (618) 826-5071 / TDD: (800) 52

## M E M O R A N D U M

DATE:        April 17, 2007

TO:          Joyner, A          N31385          E-5-08

FROM:        Major Richard D. Moore
             Menard Correctional Center

SUBJECT:     Recent Letter

In regard to the recent letter concerning grievances, I have forwarded the letter to the Grievance Officer to address.



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

November 7, 2007

Arnold Joyner
Register No. N31385
Stateville Correctional Center

Dear Mr. Joyner:

This is in response to your grievance received on July 2, 2007, regarding classification (Level E status at Menard), which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In your letter explaining two grievances you allege to have filed at Menard CC prior to transfer to Stateville CC remain unanswered. You claim you were denied a job at Menard based on your Level E status in an unconstitutional manner in the first grievance. In your second grievance, you allege that you were forced to pay for a new ID inappropriately. This office has contacted Menard CC Grievance Office in regard to your allegations. It is noted there is no record of the grievance regarding the ID being forwarded to the Grievance Officer. It is also noted the grievance in regard to your allegations of unconstitutional imprisonment was received in the Grievance Office and addressed prior to your transfer in Grievance Officer's Report 104-8-06. The grievance regarding the ID will not be addressed as there is no record of it being timely filed.

In regard to your allegation that unidentified Menard CC staff have discriminated against you by not allowing you to hold a job or engage in other programming aimed at your rehabilitation, it is noted you were assigned as a Chaplaincy Department Participant at your request on November 28, 2006, and remained a participant until your transfer to Stateville on May 23, 2007. If is further noted you were disciplined for Insolence at Menard CC on May 14, 2007, for statements made to a female nurse. You were transferred to Stateville CC subsequent to that discipline due to your familiarity with the staff and institution. It is also noted you are currently an unassigned utility man at Stateville CC pending appropriate placement.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Brian Fairchild
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Terry McCann, Stateville Correctional Center
       Arnold Joyner, Register No. N31385



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Menard Correctional Center / 711 Kaskaskia Street / Menard, IL 62259 / Telephone: (618) 826-5071 / TDD: (800) 526-0844

February 13, 2008

Mr. Arnold Joyner, N31385
Stateville Correctional Center
16830 South Route 63
Crest Hill, IL  60403

RE:  Request For Level E Status Change

Mr. Joyner:

Your letter dated 1/9/08 addressed to Deputy Director Fews has been forwarded to my office for handling.

Due to the fact you are currently housed at Stateville Correctional Center, our staff was unable to review your master file as to the nature of the escape/dangerous weapon charge.  The information I was able to obtain indicates that you were placed on the Level E status on the same day you were admitted to NRC on 5/23/06, not when admitted to Menard Correctional Center on 5/25/06.

I will forward a copy of this letter along with your letter to the counseling staff at Stateville Correctional Center.  Additionally, you should contact your counselor at Stateville in writing to request a review of your Level E status for consideration.

Sincerely,

Donald A. Hulick
Warden
Menard Correctional Center

cc:    Stateville Correctional Center - Clinical Services
       Master File
       File

# SUBPART A:  ADMINISTRATION OF DISCIPLINE

## Section 504.10  Applicability

This Subpart applies to adult and juvenile offenders within the Department of Corrections.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.12  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department of Corrections.

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.15  Responsibilities

a)    Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)    No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties.  However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

## Section 504.20  Offenses and Maximum Penalties

Disciplinary offenses are defined in Appendix A.  Maximum penalties for conduct that constitutes a disciplinary offense are set forth in Table A for adult offenders and in Table B for juvenile offenders.

a)    No offender shall be found guilty of any violation of these rules without a hearing before the Adjustment Committee or Program Unit.  If an offender is transferred

## SUBPART F:  GRIEVANCE PROCEDURES FOR OFFENDERS

**Section**
504.800      Applicability
504.802      Definitions
504.805      Responsibilities
504.810      Filing of Grievances
504.820      Grievance Officer
504.830      Grievance Procedures
504.840      Emergency Procedures
504.850      Appeals
504.860      Records
504.870      Direct Review by Administrative Review Board

## SUBPART G:  GRIEVANCE PROCEDURES FOR RELEASEES

**Section**
504.900      Applicability
504.905      Definitions
504.910      Responsibilities
504.920      Filing of Grievances
504.930      Review of Grievances
504.940      Appeals

APPENDIX A          Offense Numbers and Definitions

TABLE A    Maximum Penalties for Adult Offenders
TABLE B    Maximum Penalties for Juvenile Offenders
TABLE C    Offenses and Maximum Penalties -- Community Services Division (Repealed)

**AUTHORITY:** Implementing the Americans With Disabilities Act of 1990 (42 USC 12101 et seq.) and implementing and authorized by Sections 3-2-2, 3-5-2, 3-6-3, 3-8-7, 3-8-8, 3-10-8, and 3-10-9 of the Unified Code of Corrections [730 ILCS 5/3-2-2, 3-5-2, 3-6-3, 3-8-7, 3-8-8, 3-10-8, and 3-10-9]. Sections 504.70 and 504.450 are implementing a Consent Decree (U.S. Department of Justice vs. the State of Illinois, #S-CIV-76-0158, S.D. Ill., 1978). Sections 504.80 and 504.460 are also implementing a Consent Order (Arsberry vs. Sielaff, #74 C 1918 and Longstreet vs. Sielaff, #74 C 1951, N.D. Ill., 1982).

**SOURCE:** Adopted at 8 Ill. Reg. 14427, effective August 1, 1984; amended at 12 Ill. Reg. 8351, effective June 1, 1988; amended at 16 Ill. Reg. 10430, effective July 1, 1992; amended at 22 Ill. Reg. 1206, effective January 1, 1998; amended at 25 Ill. Reg. 10775, effective September 1, 2001; amended at 27 Ill. Reg,6214, effective May 1, 2003.

    2)    Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled, or unable to communicate in the English language.

  d)    Offenders shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.

    1)    The written procedure shall be available to all offenders.

    2)    An offender unable to speak or read the English language may request that the procedure be explained in the individual's own language.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

### Section 504.820  Grievance Officer

  a)    The Chief Administrative Officer shall appoint 2 or more employees who may serve as a Grievance Officer to attempt to resolve problems, complaints, and grievances that offenders have been unable to resolve through routine channels.

  b)    No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing that particular case.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

### Section 504.830  Grievance Procedures

  a)    A Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed.  Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation.  No merit grievances include grievances that:

    1)    Have previously been addressed for which there is no additional information; or

    2)    Are on issues that do not involve or affect the offender.

  b)    The Grievance Officer shall promptly submit a copy of any grievance alleging discrimination based on disability or a request for an accommodation based upon disability to the facility ADA Coordinator.  The facility ADA Coordinator shall conduct such investigation as deemed appropriate and make written

recommendations to the Chief Administrative Officer for resolution of the grievance.

c)   An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit. The Officer may call witnesses as deemed appropriate.

d)   The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances. Responses to duplicate grievances on issues that are currently being grieved may be combined in one response.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.840  Emergency Procedures

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

a)   If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

b)   The Chief Administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.850  Appeals

a)   If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

b)   The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the offender shall be advised of this disposition, in writing.

This Handbook has been prepared for you to serve as a guideline to the rules and regulations, organization, programs and services of the facility. It is not a substitute for Department Rules and/or Warden's Bulletins. Specific Department Rules and Warden's Bulletins that are referred to in the Handbook are either included in the appendix or are available in the Law Library.

I.    **INTRODUCTION**

A.    Chapter 730 - Illinois Compiled Statutes - Code of Corrections

Stateville Correctional Center is a maximum-security correctional institution with a minimum-security unit outside the walls. It is located at the intersection of Route 53 and Division Street approximately three miles north of Joliet. The mailing address for offenders is P.O. Box 112, Joliet, Illinois, 60434. The purpose of Stateville as prescribed in Chapter 730 of the Illinois Revised Statutes is, in part: "To develop and maintain programs of control, rehabilitation, and employment of committed persons..."

B.    Mission Statement

Stateville Correctional Center's mission is to encourage and promote a climate of safe and secure conditions in which offenders and staff can develop positive attitudes and encourage work/program opportunities and experiences that guide offenders toward reintegration into the community.

C.    Offender Rights

An offender at Stateville has the right to be treated with respect, impartiality and as a human being. It is an offender's responsibility to treat others, both employees and offenders, in the same manner. An offender may write the warden, assistant wardens, majors, shift commanders, counselors, chaplains and other staff at any time.

An offender has the right to the following:
1.    information on the rules and procedures concerning schedules and the operation of the institution;
2.    equal access to programs and work assignments (as appropriate to institutional status);
3.    involvement in decisions concerning classification status;
4.    freedom from discrimination based on race, religion, national origin, sex, handicap, or political beliefs;
5.    a healthful, clean and orderly place in which to live;
6.    freedom of religious affiliation and worship;
7.    health care and dental treatment;
8.    wholesome and nutritional meals;
9.    proper bedding and clothing;
10.   laundry services;
11.   bathing facilities;
12.   recreation and exercise (in accordance with institutional safety and security concerns);

1

13. toiletries;
14. access to legal counsel;
15. access to legal services; and
16. use of one's name when addressed, rather than prison number.

D.    Orientation

Upon admission into the Illinois Department of Corrections, each offender is placed in Phase 1 Orientation Status until moved to a Level Three or above facility or until 60 days have elapsed since entry. Stateville Correctional Center is a Level One facility. An offender who transfers into this facility from a Reception & Classification Center shall be in Phase 2 Orientation Status through his 60th day after admission into the department. Limitations associated with Phase 2 status shall be communicated to affected offenders by Orientation Unit counseling staff persons.

An offender normally goes through an institutional orientation process during his first seventy-two hours at Stateville. During this period he is also screened by Health Care Unit staff persons in order to address any immediate medical needs he might have. He will be given a Visitor's List and a Personal Identification Number (PIN) Access List form to complete. An offender will receive authorized personal property items as soon as possible after his arrival. General population and protective custody offenders will be issued a personal property storage box and, if requested, a correspondence box.

Each offender will be required to sign a receipt for this handbook. It is to an offender's advantage to carefully review all included information, as he will be held responsible for being aware of, and in compliance with, all included rules and regulations.

E.    Classification & Institutional Placement

Each offender will have a personal interview with a counselor to determine appropriate housing placement within the institution. Some factors taken into consideration when determining placement are criminal history, prior institutional adjustment, gang affiliation, health and special needs. An offender who feels that he would have difficulties if placed in the general population of the institution should be aware that placement in Protective Custody is available to all offenders. This option should be discussed with the counselor during the interview.

Offenders interested in requesting a non-smoking cell assignment should contact their counselor or write to the Placement/Assignment Officer who will review the request for approval or denial. Offenders will be advised if their request is denied. Offenders with such approval will not be permitted to smoke or possess smoking material in designated non-smoking cells or rooms or purchase smoking material from the commissary.

II.    **ORGANIZATION**

A.    Table of Organization

2