# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1513 | **DATE** | 3/27/08 |
| **CASE TITLE** | Arnold Joyner (#N-31385) vs. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Suzanne B. Conlon

Docketing to mail notices.

## STATEMENT

　　The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, prison officials, have violated the plaintiff's constitutional rights by discriminating against him. More specifically, the plaintiff alleges that the defendants have classified him at the highest security category based on his convictions for escape and attempted escape, resulting in his ineligibility for jobs, school, and other programming opportunities.

　　The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $2.00 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

As the plaintiff admits in his complaint (and reflected on the IDOC's inmate web page), he was convicted of escape and attempted escape from a correctional facility; accordingly, under Illinois Department of Corrections rules, he must be designated as a Level E escape risk. (*See* Plaintiff's Exhibit A-2 to Complaint, Administrative Directive 05.05.110.)

The plaintiff's heightened security status, with its concomitant restrictions, does not violate his constitutional rights. It is well-settled that prison inmates do not have a protected interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (in the prison context, liberty interests are limited to freedom from restrictions that are "atypical and significant in relation to the ordinary incidents of prison life"). The Court of Appeals for this circuit has repeatedly held that being placed in disciplinary or administrative segregation "is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process." *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005); *see also Paige v. Hudson*, 341 F.3d 642, 643 (7th Cir. 2003); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). An inmate has no liberty interest in remaining in the general prison population. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995). A security classification is even less onerous than segregation.

Furthermore, the plaintiff's security classification is not actionable under 42 U.S.C. § 1983 even if makes him ineligible to participate in education or work programs that could earn him good-time credits. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000) (prisoner's transfer to facility that did not offer vocational training did not implicate a liberty interest even though transfer resulted in a loss of an opportunity to earn good-time credits); *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1996) (per curiam) (denial of access to educational programs did not implicate a liberty interest); *Wallace v. Robinson*, 940 F.2d 243, 244 (7th Cir. 1991) (inmates have no constitutional right to work in prison). The lack of job opportunities, drug rehabilitation programs, and contact visits do not deprive the plaintiff of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety, necessary to state an Eighth Amendment claim. *Higgason*, 83 F.3d at 809 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The plaintiff cannot "constitutionalize" his claims by characterizing his treatment as discriminatory in nature. Inmates convicted of escape attempts are not members of a protected class, and the obvious security

**(CONTINUED)**

*Suzanne B. Conlon*

## STATEMENT (continued)

concerns associated with at-risk inmates, as outlined in the administrative directive attached to the complaint, further the most basic and essential purpose of a correctional institution–to hold convicts until they complete their sentences or are released in accordance with the law. The plaintiff's best course is to conduct himself in a manner that is entirely above reproach so that his privileges can eventually be restored.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a final concern, the court notes that the plaintiff made a material misstatement in his complaint. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at p. 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff wrote "NONE," failing to identify a prior case. In fact, the previous dismissal counts as a second "strike" against the plaintiff under 28 U.S.C. § 1915(g). *See Joyner v. Peters*, Case No. 92 C 0097 (S.D. Ill.), dismissed by Memorandum and Order of February 7, 1992 (Beatty, J.). The plaintiff's effective "fraud" on the court independently justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissal does not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will grant the plaintiff the benefit of the doubt and assume that his omission was due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. In the future, before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.

*Suzanne B. Conlon*